# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RENE GUITIERREZ and JOHN GUITERREZ, | ) |
| Plaintiffs, | ) |
| v. | ) No. 08-0285-CV-W-FJG |
| STATE LINE NISSAN, INC., | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant's Motion to Compel Arbitration (Doc. # 2), defendant's Motion to Dismiss (Doc. # 4); plaintiffs' Motion to Amend Complaint (Doc. # 13) and plaintiffs' Motion to Remand (Doc. # 14).

## I. BACKGROUND

On February 25, 2008, plaintiffs filed the present suit in Jackson County, Missouri. Plaintiffs alleged that State Line Nissan charged them a "documentation preparation fee" and that the charging of this fee constituted (1) the unauthorized practice of law; (2) a violation of the Missouri Merchandising Practices Act and (3) a violation of the Truth-in-Lending Act. In addition to seeking individual relief, plaintiffs also sought to represent a class consisting of those individuals who purchased vehicles from defendant and who paid the fee at issue. On April 16, 2008, defendant filed a notice of removal arguing that jurisdiction was proper pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction. The federal question in plaintiffs' Complaint was Count III - the Truth in Lending Act claim. Defendant subsequently filed a Motion to Compel Arbitration and a Motion to Dismiss on the same day. After the defendant filed

these motions, plaintiffs filed a Motion to Amend, seeking to amend their Complaint to voluntarily dismiss Count III (the Truth in Lending Act claim), from the case. Plaintiffs also filed a Motion to Remand arguing that the case should be remanded if Count III was dismissed from their Complaint. On July 30, 2008, the Court issued an Order stating that the Motion to Compel Arbitration should be considered before ruling on the other motions. The Court directed the parties to complete briefing on that issue. The parties have done so and the motion is now ripe for consideration.

## II. DISCUSSION

The arbitration agreement between plaintiffs and defendant is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, at the agreement of the parties. The Supreme Court has interpreted the FAA as ensuring the enforceability of arbitration agreements. *See Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 2705506 (W.D. Mo. July 9, 2008)(citing *Mastobuono v. Shearson-Lehman Hutton, Inc.*, 514 U.S. 52 (1995); *Moses H. Cone Mem'l Hosp.* v. *Mercury Const. Corp.*, 460 U.S. 1 (1983)). The central purpose of the FAA is to "ensure that private agreements to arbitrate are enforced according to their terms." *Mastobuono*, 514 U.S. at 54. The FAA sets forth a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24.

The Eighth Circuit expanded upon the Supreme Court's interpretation of the FAA when it held that the very existence of an arbitration clause creates a "presumption of arbitrability" that should be controlling unless there is "positive assurance" that the contract cannot be interpreted to include the particular dispute at issue. *Daniel Const.*

2

*Co. v. Local 257, IBEW*, 856 F.2d 1174, 1181 (8th Cir. 1988). When the parties explicitly agree that the arbitrator shall decide whether the dispute is arbitrable, courts are obligated to honor that provision. *Express Scripts, Inc. v. Aegon Direct Mktg. Serv., Inc.*, 516 F.3d 695, 701 (8th Cir. 2008).

The arbitration agreement between plaintiffs and defendant states that either the buyer or seller may choose to have any dispute resolved by arbitration, and not by a court of law. Ex. B to Doc. # 2, pg. 4, ¶ 1. The agreement prohibits claimants from participating as representatives or class members in class actions against the defendant. Ex. B to Doc. # 2, pg. 4, ¶ 2. The agreement also waives buyers' rights to arbitrate class actions. Ex. B to Doc. # 2, pg. 4, ¶ 4.

The parties agreed that "Claims" would be arbitrated. Ex. B to Doc. # 2, pg. 4, ¶ 4. "Claims" include

> any claim in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between [buyer] and [seller's] employees, agents, successors or assigns, which arise out of or relate to [buyer's] credit application, purchase or condition of [the] vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall at [buyer's] election, be resolved by neutral, binding arbitration and not court action.

Ex. B to Doc. # 2, pg. 4, ¶ 4.

The agreement states the claimant may select either the National Arbitration Forum, the American Arbitration Association, or any other arbitration organization approved by seller as a forum for the dispute. Ex. B to Doc. # 2, pg. 4, ¶ 4. If any part of the arbitration agreement, other than the waivers of class action rights, is deemed to be unenforceable for any reason, the remainder of the agreement shall remain enforceable. Ex. B to Doc. # 2, pg. 4, ¶ 6. If the waiver of class action rights is deemed

3

unenforceable in a case in which class action allegations have been made, then the remainder of the arbitration agreement shall be unenforceable. Ex. B to Doc. # 2, pg. 4, ¶ 6.

Plaintiffs allege three counts against Defendant in their proposed class action seeking damages for Defendant charging the unexplained $299.95 fee to purchasers of its vehicles. Per the parties' arbitration agreement, so long as the counts are included in the broad range of claims covered by the arbitration agreement, the parties must engage in neutral, binding arbitration to resolve the disputes. Plaintiffs' two counts alleging violations of the Missouri Merchandising Practice Act, *RSMo* § 407.020 (2008), and the Truth in Lending Act, 15 U.S.C. § 1601 (2008), both result from the financing of the vehicle purchased from defendant. Per the arbitration agreement, these disputes should be resolved with neutral, binding arbitration.

Plaintiffs argue that because one of their claims alleges a violation of a Missouri statute prohibiting the unauthorized practice of law or doing law business, *RSMo* § 407.020, an arbitrator is not the proper authority to make such a determination, rather a court of law should resolve the issue. Plaintiffs also allege the arbitration agreement is unconscionable. If either of the allegations were to stand, then the arbitration agreement could be invalidated.

The issue of whether Missouri courts are the sole authority authorized to determine whether conduct constitutes the unauthorized practice of law or doing law business has recently been considered by the Court in *Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 2705506 (W.D. Mo. July 9, 2008). In *Bass*, as in the instant case, plaintiffs relied on a Missouri Supreme Court decision that discussed the role of

Missouri courts in making such decisions. The Court found plaintiffs' interpretation of the Missouri Supreme Court decision to be erroneous. In *Bass*, the Court held that "[w]hile the Missouri Supreme Court made a statement to this effect, it was discussing its role *viz a viz* the legislature's; it did not purport to discuss whether a dispute could be submitted to an arbitrator, and nothing in it said can be interpreted as precluding arbitration of a private dispute." *Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 2705506 at *2 (W.D. Mo. July 9, 2008)(*see Eisel v. Midwest BankCentre*, 230 S.W.3d 335, 338-30 (Mo. 2007)(holding that "the judiciary is necessarily the sole arbiter of what constitutes the practice of law. Statues may aid by providing machinery and criminal penalties but may not extend the privilege of practicing law to persons not admitted to practice by the judiciary...[statutes] are merely in aid of, and do not supersede or detract from, the power of the judiciary to define and control the practice of law")).

    The Court went on to explain that

More importantly, it is the arbitrator's duty to apply the law, regardless of its source. There are many contexts in which one branch of the government is obligated to apply particular law, and there are many contexts in which one branch of the government is primarily obligated to address the law in a given area. These observations do not preclude an arbitrator from deciding a dispute between private parties who agree to arbitrate; otherwise, no arbitrator could decide anything because arbitrators are not ceded any governmental power. Moreover, this 'hostility toward arbitration' is the very reason the FAA exists.

*Bass*, 2008 WL 2795506 at *2. The Missouri Supreme Court's decision in *Eisel* does not preclude an arbitrator from applying Missouri law to plaintiffs' case to determine if defendant's conduct constitutes the unauthorized practice of law or doing law business.

    Finally, Plaintiffs argue that under Missouri contract law, the arbitration clause at issue is both procedurally and substantively unconscionable. Under Missouri law, the

inclusion of a class action prohibition in an arbitration agreement is not always unconscionable. Unconscionable terms unexpectedly or unconscionably limit the obligations and liability of the drafting party. *Robin v. Blue Cross Hosp. Serv., Inc.*, 637 S.W.2d 695, 697 (Mo. 1982). The Missouri Court of Appeals has reviewed waivers of class actions in arbitration agreements, and held that prohibition of class actions, alone, is not sufficient to render the whole arbitration clause unconscionable. *Whitney v. Alltel*, 173 S.W.3d 300, 308-09 (Mo. App. 2005). In Missouri, invalid clauses that prohibit class actions include clauses that limit the claimant's ability to obtain relief and also provisions that insulate the defendant from liability. *Id.* High pressure sales tactics, misrepresentation, fine print of the contract, or unequal bargaining position constitute procedural unconscionability under Missouri law, and, as such, could be sufficient to render an agreement unenforceable. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858-61 (Mo. 2006)(en banc); *Pleasants v. Amer. Express Co.*, 2007 WL 2407010 at *4 (E.D. Mo. Aug. 17, 2007)(citing *Whitney*, 173 S.W.3d at 308). None of these conditions are present in the arbitration agreement in question.

Moreover, under Missouri law, the mere fact that a contract is a form contract does not render the agreement unenforceable. *Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 2705506 at *2. This Court has reasoned that there are literally hundreds of vendors available to consumers, and consumers are not obligated to execute contracts because there are a multitude of automobile retailers and sources of financing for vehicles. *Id.* Plaintiffs were not obligated to purchase the vehicle from defendant, nor were they obligated to finance the vehicle with defendant. The Court does not find Plaintiffs' unconscionability argument availing.

6

In plaintiffs' Response to Defendant's Motion to Compel Arbitration, plaintiffs argue, and the Court agrees, that the Court's foremost determination will be whether or not Plaintiffs' claims fall within the scope of the arbitration clause. In accordance with the preference for arbitration, expressed in the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and identified by the U.S. Supreme Court in *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*, 460 U.S. 1, 24 (1983), it must first be determined whether arbitration of the claim is proper before general contract law defenses may be decided.

## III. CONCLUSION

For these reasons, the Court hereby **GRANTS** Defendant's Motion to Compel Arbitration (Doc. #2). It is **ORDERED** that proceedings in this case are stayed until (1) the arbitrator concludes plaintiffs' claims are not arbitrable or (2) the arbitrator issues a ruling that one or both parties wish to have confirmed. It is further **ORDERED** that the parties shall file a Joint Status Report on or before October 31, 2008, or at such time as the arbitration proceeding is concluded, whichever is earlier, and every six months thereafter.

Defendant's Motion to Dismiss is **DENIED** (Doc. # 4); plaintiff's Motion to Amend is **DENIED** (Doc. # 13); and plaintiff's Motion to Remand is **DENIED** (Doc. # 14).

**IT IS SO ORDERED.**

Date:   8/4/08                                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                         Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge