# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RENE GUTIERREZ and JOHN GUTIERREZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 08-0285-CV-W-FJG |
| | ) |
| STATE LINE NISSAN, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER AND JUDGMENT GRANTING
## FINAL APPROVAL OF CLASS SETTLEMENT

The Court previously received Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and attached thereto, the Class Action Settlement Agreement (the "Settlement Agreement"), entered into as of February 3, 2010, between and among Plaintiffs Rene and John Gutierrez and Defendant State Line Nissan Inc.. ("State Line"). On March 3, 2010, the Court issued its Order Granting Preliminary Approval of Class Settlement Agreement, Approving the Form and Manner of Notice, and Setting a Final Fairness Hearing ("Preliminary Approval Order - Doc # 47").

After review of the papers filed by the parties requesting preliminary and final approval of this Settlement, the Court upon consideration and review of the proposed settlement (as reflected in the Settlement Agreement), relevant documents, evidence, motion papers, and memoranda, and the parties' presentation, hereby Orders that its Preliminary Approval Order is made absolute and the Court hereby gives Final Approval to the Class Settlement.

The Court further orders as follows:

**1. Definitions**. The Court, for purposes of this Order, adopts and incorporates herein by reference all defined terms as set forth in the Settlement Agreement.

**2. Class Certification.** For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies that this action may proceed for settlement purposes as a class action on behalf of a class consisting of:

> "All persons who paid a doc fee, document fee, documentary fee, administrative fee and or a processing fee as part of a purchase or lease of an automobile from any dealership owned by State Line Nissan, Inc., in the state of Missouri from February 25, 2003 to August 27, 2009."

**3. Rules 23(a) and 23(b)**

The Court finds, based on the terms of the settlement described in the Settlement Agreement, that:

<u>Rule 23(a)</u>

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law and fact common to the settlement class,

(3) the claims of Representative Plaintiffs are typical of the claims of members of the settlement class,

(4) Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the settlement class. There are no conflicts of interest between Representative Plaintiffs and members of the settlement class.

<u>Rule 23(b)</u>

(1)(A)(B) The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with

respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(3) Questions of law and fact common to settlement class members predominate over any questions affecting only individual members of the settlement class. Certification of the settlement class is superior to other methods for the fair and efficient adjudication of the controversy. Accordingly, the Court hereby certifies the settlement class, for settlement purposes only, pursuant to Federal Rule 23(b)(1) and (3).

**4. Class Representatives.** Plaintiffs Rene and John Gutierrez are hereby appointed and designated as representatives of the settlement class.

**5. Class Counsel.** Ralph K. Phalen, Ralph K. Phalen Attorney at Law; and Mitchell L. Burgess of Burgess and Lamb P.C. are hereby appointed and designated as counsel for the settlement class.

**6. Proposed Settlement.** "A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005)(citations omitted). The Court finds that the terms of the proposed settlement are fair, reasonable and adequate. The proposed settlement appears to provide a substantial portion of that which Plaintiffs set out to recover on behalf of the Class from the alleged wrongful conduct. The proposed settlement provides substantial relief. Further litigation would be costly and could risk a portion of

Plaintiffs' and the Class/Settlement Class' recovery. The proposed settlement is therefore approved, and the Court finds that the Settlement Class is bound to the terms of the Settlement Agreement, including the release therein of all claims by class members against Defendant regarding the fees at issue.

      **7. Notice.** The Court finds that State Line properly gave Notice to the Class, as required by the Preliminary Approval Order and as set forth in the Settlement Agreement. The Court finds that, under the circumstances, the Notice constitutes the best practicable notice of the settlement hearing, the proposed Settlement, Class Counsel's fees and expenses, and other matters set forth in the Notice; constitutes valid, due, and sufficient notice to all members of the Settlement Class; and complies fully with the requirements of Rule 23, the United States Constitution, the due process rights of the members of the Settlement Class, and all other applicable law.

      **8. Objections.** The Court notes that there are no Class Members objecting to the Settlement.

      **9. Binding Effect and Exclusions.** All persons falling within the Class as defined in the Settlement Agreement are bound by the Settlement Agreement and the Final Judgment, except for those Class Members who timely submitted a request for exclusion.

      **10. No Admission of Wrongdoing or Liability.** By entering into the Settlement Agreement, State Line has not admitted to any wrongdoing or liability on their part and deny the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that State Line is liable with respect to any claims asserted by Plaintiffs.

**11. Attorneys Fees and Costs.** Pursuant to the relevant standard set forth in the cases and as detailed in Plaintiffs' Motion, the Court approves attorneys' fees and costs to Class Counsel in the amount of $105,513.40.

**12. Incentive Awards.** The Court orders that an incentive award in the total amount of $1,000.00 is to be paid to the Class Representatives, Rene and John Gutierrez.

**13. Final Judgment.** Based upon the Court's approval of the Settlement Agreement, all individual and class claims asserted against Defendant within this lawsuit are dismissed with prejudice and a final judgment will be entered accordingly.

Accordingly, it is hereby ORDERED that the Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED** (Doc. # 50).


Date: July 1, 2010  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge